**Opinion issued January 12, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00302-CV

———————————

**JAMES SCARBOROUGH AND PHILLIP PAUL BRYANT, Appellants**

**V.**

**CITY OF HOUSTON AND ANNISE D. PARKER, Appellees**

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Case No. 2015-69353**

---

## MEMORANDUM OPINION

Appellants, James Scarborough and Phillip Paul Bryant, have filed a petition for permissive appeal seeking to challenge interlocutory orders denying their traditional motions for summary judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2015); TEX. R. APP. P. 28.3.

To be entitled to a permissive appeal from an interlocutory order that would not otherwise be appealable, the requesting party must establish that (1) the order to be appealed involves "a controlling question of law as to which there is substantial ground for difference of opinion" and (2) an immediate appeal from the order "may materially advance the ultimate termination of the litigation." TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d); *see* TEX. R. APP. P. 28.3(e)(4); TEX. R. CIV. P. 168 ("Permission [to pursue a permissive appeal] must be stated in the order to be appealed . . . [and] must identify the controlling question of law as to which there is a substantial ground for different of opinion and must state why an immediate appeal may materially advance the ultimate termination of the litigation.").

The petition fails to meet these requirements because, among other problems, the order appealed from does not identify the controlling question of law or state why an immediate appeal may materially advance the ultimate termination of the litigation. *See* TEX. R. APP. P. 28.3(e)(4); TEX. R. CIV. P. 168. Accordingly, we deny the petition for permissive appeal.

**PER CURIAM**

Panel consists of Justices Jennings, Keyes, and Brown.

2